IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WU CHENG YE,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-2365 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT,** | : : : : : : : : | |
| | : | |
| Respondent. | : | |

# M E M O R A N D U M

## I. Background

Petitioner, Wu Cheng Ye, a Bureau of Immigration and Customs Enforcement ("ICE") detainee detained at the York County Prison in York, Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. The appropriate filing fee has been paid in full. Petitioner, a native and citizen of China, is seeking "to be released from indefinite detention [by ICE]." (Doc. 1 at 1.) ICE has apparently commenced removal proceedings against Petitioner, and "Petitioner does not challenge the removal proceedings" in the petition. (*Id*. at 3.) He asks this Court to "review [ICE] . . . discretionary judgment to keep petitioner in custody indefinitely . . . since the beginning of custody . . . in [sic] July-18-2005 . . . ." (*Id*. at 4.) For the following reasons, the Court will dismiss the petition without prejudice to the Petitioner's rights to seek review of subsequent custody review.

**II.     Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal becomes final, during which time detention is mandatory.[1] At the conclusion of the 90-day period, the alien may

---

[1] Section 1231(a)(1)(B) provides:
> The removal period begins to run on the latest of the following:
> (i)  The date the order of removal becomes administratively final.
> (ii)  If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & (6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period, or detention is permitted only for a period reasonably necessary to effectuate the alien's deportation. *Zadvydas*, 533 U.S. at 689. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. To establish uniformity in the federal courts, the Court recognized six months as a "presumptively reasonable period of detention." *Id*. at 701. The Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. The Court stated that not every alien must be released after six months; but, rather, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Although the Court expressly limited its holding to "deportable aliens", *Id.* at 693-95, in *Clark v. Martinez*, 543 U.S. 371 (2005) the

Court extended *Zadvydas* to "excludable aliens" as well.[2]   Following the Supreme Court's decision in *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court.  *See* 8 C.F.R. § 241.4.  Prior to the expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(l)(i).  When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the ICE Headquarters Post-order Detention Unit (HQPDU) for further custody review.  8 C.F.R. § 241.4(k)(l)(ii).

Attached to the petition is a copy of an ICE "Notice to Alien of File Custody Review" (Doc. 1 at 21), which notifies Petitioner that he was eligible for custody review "on or about (08/08/05)."  (*Id*.)  Moreover, Petitioner states that the district director "by the [n]ame of Thomas Decker is going to defer [this] case to the [HQPDU] . . . ."  (*Id*. at 6.)  Consequently, a review of the petition and attachments supports a conclusion that

---

[2]In *Cuesta Martinez v. INS*, 97 F. Supp.2d 647 (M.D. Pa. 2000), this Court articulated the distinction between "excludable" aliens and "deportable" aliens:

> The distinction . . . arises from statutory law in place before the amendments to the immigration law and depends on whether the alien has made a successful entry into the United States, regardless of whether the entry was legal or illegal . . . An alien past the point of entry and physically present in the country was statutorily entitled to a "deportation hearing". . . He was a "deportable alien." An alien at the border and seeking entry was statutorily entitled to an "exclusion hearing". . . He was an "excludable alien." An excludable alien may be physically allowed into the country while his admission is being considered, but under the "entry fiction" is still considered to be at the border awaiting entry.

4

Petitioner received the requisite review under 8 C.F.R. § 241.4(k)(l)(i), and the district director has denied relief.  Further, it appears that the district director has declined to retain responsibility for further custody determinations, and instead has referred the case to the HQPDU for further custody review pursuant to 8 C.F.R. § 241.4(k)(l)(ii).  Inasmuch as the Petitioner has challenged his continued detention by filing a petition for a writ of habeas corpus under section 2241, and there is no indication that he has had the required review by HQPDU, the Court will dismiss the petition, without prejudice to Petitioner filing a second habeas petition to challenge the ruling by the HQPDU or, in the alternative, to submit evidence that his removal is no longer significantly likely in the reasonably foreseeable future.[3]  An appropriate Order follows.

Dated: December 9, 2005                          /s/ A. Richard Caputo
                                                 A. RICHARD CAPUTO
                                                 United States District Judge

---

[3]Although Petitioner indicates that the HQPDU has yet to review his custody, such a review may have occurred after the petition was filed.  While Petitioner claims that he "has indeed Shown [sic] his Burden of proof . . . [which now] Shift [sic] to the respondents" (Doc. 1 at 19), nothing other than his bare assertion that his embassy will not issue travel documents (*Id.* at 6) supports his contention that he has met his burden of showing no significant likelihood of release in the reasonably foreseeable future.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WU CHENG YE,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-2365 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT'S INTERIM FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA DISTRICT,** | : | |
| | : | |
| Respondent. | : | |

## ORDER

**AND NOW, THIS 9th DAY OF DECEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice to Petitioner filing a second habeas petition to challenge the ruling by the HQPDU or, in the alternative, to submit evidence that his removal is no longer significantly likely in the reasonably foreseeable future.

2. The Clerk of Court is directed to close this case.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge